NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| STEVEN YOUNG,<br><br>  Petitioner,<br><br>v.<br><br>JAMES SLAUGHTER, Administrator,<br><br>  Respondent | Civil Action No. 19cv6149(RMB)<br><br>OPINION |

**BUMB**, United States District Judge

  This matter comes before the Court upon Petitioner Steven Young's ("Petitioner") Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Pet., ECF Nos. 1, 3); Respondent's Motion to Dismiss Pet. on Timeliness Grounds ("Mot. to Dismiss," ECF No. 8); Respondent's Brief in Supp. of Mot. to Dismiss Pet. for Writ of Habeas Corpus on Timeliness Grounds ("Respt's Brief," ECF No. 9); and Petitioner's Brief in Supp. of Petitioner[']s Writ of Habeas Corpus. ("Petr's Brief," ECF No. 10.) The Court will determine the motion on the briefs without oral arguments, pursuant to Federal Rule of Civil Procedure 78(b).

I. BACKGROUND

  A Camden County grand jury charged Petitioner with eight counts, including first-degree aggravated sexual assault, second-degree sexual assault, first-degree endangering the welfare of a

child, and second-degree endangering the welfare of children. (Respt's Brief, Ex. 1, ECF No. 9-2.) On March 19, 2013, Petitioner pled guilty to Count One, first-degree aggravated sexual assault. (Id., Ex. 2, ECF No. 9-3.) On June 20, 2013, Petitioner was sentenced in the New Jersey Superior Court, Camden County, to an eighteen-year term of imprisonment subject to the No Early Release Act ("NERA"), Megan's Law, and Parole Supervision for Life, concurrent to a Burlington County sentence. (Id., Ex. 3, ECF No. 9-4.)

On October 31, 2013, Petitioner filed an untimely notice of appeal from his conviction and sentence in the New Jersey Superior Court, Appellate Division, requesting that the appeal be accepted as within time. (Id., Exs. 4-6, ECF Nos. 9-5, 9-6, 9-7.) On January 30, 2014, the Appellate Division dismissed the appeal upon Petitioner's request to withdraw. (Id., Exs. 7, 8, ECF Nos. 9-8, 9-9.)

Petitioner then filed a *pro se* petition for post-conviction relief ("PCR"), signed on February 28, 2014, stamped received on March 14, 2014, and stamped filed on April 30, 2014. (Id., Ex. 9, ECF No. 9-10.) The PCR court denied Petitioner's PCR petition by written opinion and order dated January 19, 2016. (Respt's Brief, Ex. 12, ECF No. 9-13.)

On May 18, 2016, Petitioner filed a notice of appeal from the denial of his PCR petition in the New Jersey Superior Court,

Appellate Division, requesting that the appeal be accepted as filed within time. (Id., Exs. 13-15, ECF Nos. 9-14, 9-15, 9-16.) On November 18, 2016, the Appellate Division granted Petitioner's motion to file his notice of appeal as within time. (Id., Ex. 16, ECF No. 9-17.) The Appellate Division affirmed the denial of Petitioner's PCR petition on January 8, 2018. (Id., Ex. 17, ECF No. 9-18.) Petitioner timely filed a notice of petition for certification with the New Jersey Supreme Court. (Id., Ex. 18, ECF No. 9-19.) On May 21, 2018, the New Jersey Supreme Court denied Petitioner's petition for certification. (Id., Ex. 19, ECF No. 19-20.)

On February 19, 2019, this Court received Petitioner's habeas petition under 28 U.S.C. § 2254. (Pet., ECF Doc. 1.) The Court administratively terminated this action because the petition was unsigned and unaccompanied by the filing fee. (Order, ECF Doc. 2.) For the purpose of his timeliness argument, Respondent uses February 2, 2019 as the date Petitioner's habeas petition was deemed filed, based on this Court's Order administratively terminating the action because the petition was unsigned. (Order, ECF No. 2.) Upon review of the original petition and the Order administratively terminating the action, the date February 2, 2019 was a typographical error. The Clerk entered the original petition on February 20, 2019. The petition was received by the Clerk on February 19, 2019. The envelope containing the petition was

3

postmarked on February 14, 2019. (ECF No. 1-4.) On March 22, 2019, the Court reopened this matter when it received Petitioner's filing fee and signed petition. (Pet., ECF No. 3.)

II. DISCUSSION

    A.   <u>Respondent's Motion to Dismiss</u>

Respondent contends that Petitioner's habeas petition, assuming it was filed on February 2, 2019, was filed fifty-two days late, or giving Petitioner the benefit of the doubt, his habeas petition was filed five days late. (Respt's Brief, ECF No. 9 at 10.) Respondent calculates the limitations period as follows.

Petitioner's direct appeal concluded on January 30, 2014, when, pursuant to Petitioner's request to withdraw his direct appeal, the New Jersey Superior Court, Appellate Division filed its Order dismissing Petitioner's appeal. (Respt's Brief, Ex. 8, ECF No. 9-9.) Petitioner did not seek further review on direct appeal. Petitioner's one-year limitations period started running on January 31, 2014. (Respt's Brief, ECF No. 9 at 14.)

Petitioner filed a PCR petition, which Respondent submits should be deemed filed on April 30, 2014, the date it was stamped "filed", eighty-nine days into his one-year habeas time limitation. (Respt's Brief, ECF No. 9 at 14; Ex. 9, ECF No. 9-10.) Respondent submits that even if the prisoner mailbox rule was applied to Petitioner's PCR petition, Petitioner failed to provide any proof that he actually mailed the PCR petition on February 28,

4

2014, other than stating such in his PCR petition's certificate of service. (Respt's Brief, ECF No. 9 at 14-16.) Thus, Respondent submits Petitioner "filed" his PCR petition on April 30, 2014.

While the PCR petition was pending, the remainder of Petitioner's time to file a habeas petition (276 days) was tolled pursuant to § 2244(d)(2). (Id. at 16.) After the PCR court denied the petition on January 19, 2016, Petitioner had forty-five days from January 20, 2016, or until Monday, March 7, 2016, to file a timely appeal in the New Jersey Superior Court, Appellate Division under N.J. Ct. R. 2:4-1(a)). (Id.) Petitioner filed an untimely notice of appeal on May 18, 2016, 72 days late. (Respt's Brief, Exs. 13-15, ECF Nos. 9-14, 9-15, 9-16.)

While appeal of the denial of Petitioner's PCR petition was pending in the Appellate Division, the remainder of Petitioner's time to file a habeas petition (204 days) was tolled under § 2244(d)(2). (Respt's Brief, ECF No. 9 at 17.) On January 8, 2018, the Appellate Division affirmed the denial of Petitioner's PCR petition. (Id., Ex. 17, ECF No. 9-18.) Two days later, Petitioner filed a timely notice of petition for certification, thus no time had run on the limitations period between the Appellate Division's decision and the timely New Jersey Supreme Court filing. (Id., Ex. 18, ECF No. 9-19).

On May 21, 2018, the New Jersey Supreme Court denied Petitioner's petition for certification. (Respt's Brief, Ex. 19,

ECF No. 9-20.) According to Respondent, Petitioner's limitations period began to run on May 22, 2018 and Petitioner had 204 days to file a timely habeas petition. (Respt's Brief, ECF No. 9 at 17.) Thus, his petition was due by December 12, 2018. (Id.) Respondent used February 2, 2019 as Petitioner's habeas filing date and found that it was fifty-two days late. (Id. at 17-18.)

Additionally, Respondent maintains that Petitioner has failed to establish any circumstances warranting equitable tolling. (Id. at 18.) Respondent recognizes Petitioner's counsel certified that although the records of the Office of Public Defender, Appellate Section showed Petitioner's attorney timely submitted an appeal package, an appeal was not timely filed due to high volume and staff shortage. (Respt's Brief, Ex. 14, ECF No. 9-15.) Respondent submits, however, that this does not constitute a "rare situation" where equitable tolling is demanded; rather it is a simple "garden variety" claim of attorney neglect. (Respt's Brief, ECF No. 9 at 18-19.)

Further, Respondent argues that even if this Court were to find Petitioner's PCR petition was filed on March 14, 2014, when it was stamped "received", his habeas petition would be still have been filed 5 days late because his habeas clock ran for a total of 370 days, including:

- 42 days from January 31, 2014, the day after his direct appeal was dismissed, to March 14,

6

2014, the day his PCR petition was marked received;

- 72 days from Monday, March 7, 2016, 45 days after his PCR petition was denied, to May 18, 2016, the day he untimely appealed from that denial; and

- 256 days from May 22, 2018, the day after the New Jersey Supreme Court denied his petition for certification, to February 2, 2019, the day he filed his habeas petition.

(Respt's Brief, ECF No. 9 at 18 n.6.)

B. <u>Petitioner's Opposition to Motion to Dismiss</u>

Petitioner is an inmate at the Adult Diagnostic and Treatment Center. (Petr's Brief, ECF No. 10 at 1.) Upon receiving Respondents' brief, he requested all out-going legal mail receipts from the mailroom officer where they keep records of all legal transactions. (<u>Id.</u>) As of the date of Petitioner's brief, that information had not been provided to him. (<u>Id.</u>)

Petitioner opposes Respondent's calculation of the limitations period as follows. Respondent claims that Petitioner's conviction became final for habeas purposes January 30, 2014, and his one year clock started running on January 31, 2014. (<u>Id.</u>) Petitioner asserts that because he must rely on the institutional legal mail system, he could not have received notice of the January 30, 2014 decision on the same day it was issued. (Petr's Brief, ECF No. 10 at 1-2.) In other words, Petitioner asserts his direct appeal was not final until he received notice of the New Jersey

7

Supreme Court's denial of his petition for certification. (Petr's Brief, ECF No. 10 at 1-2.) Petitioner suggests his direct appeal became final sometime after May 25, 2018, the date the notification letter to him was signed by Jodie Ferguson of the Public Defender's office. (Id. at 2.)

Furthermore, Petitioner relies on the prisoner mailbox rule for the date of filing his appeals in the state courts. (Id.) He asserts his PCR petition was filed on February 28, 2014, the day he signed his PCR petition and the date on his certificate of service. (Id.) Petitioner argues the prisoner mailbox rule should apply even if the New Jersey Supreme Court has not adopted it. (Id. at 2-3.)

Petitioner also argues his PCR proceedings were not final on January 19, 2016, because he did not receive notice of the New Jersey Supreme Court's denial of his petition for certification on the day it was issued by the court. (Id. at 3.) Petitioner notes that Respondent has not shown when Petitioner received such notice. (Id.) Petitioner asks this Court to consider that the state courts never questioned the timeliness of his filings. (Id.)

C. Legal Standard

28 U.S.C. § 2244(d) provides, in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

8

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

After a petitioner seeks review from the State's highest court, the judgment of conviction becomes final, and the limitations period begins to run after expiration of the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000). "[F]or a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires." Gonzalez v. Thaler, 565 U.S. 134, 137 (2012).

A properly-filed application for post-conviction relief tolls the habeas statute of limitations under 28 U.S.C. § 2244(d)(2). Pace v. Diguglielmo, 544 U.S. 408, 410 (2005). A "properly filed application" is one that was: (1) accepted for filing by the appropriate court officer; and (2) was filed within the time limits prescribed by the relevant jurisdiction. Artuz v. Bennett, 531 U.S. 4, 8 (2000). "Pending" under § 2244(d)(2) includes the period

between a lower court's adverse determination and the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law. Evans v. Chavis, 546 U.S. 189, 191 (2006) (citing Carey v. Saffold, 536 U.S. 214 (2002)). "[Section] 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari" after state postconviction review. Lawrence v. Fla., 549 U.S. 327, 332 (2007).

Equitable tolling applies to the one-year statute of limitations under 28 U.S.C. § 2244(d) in appropriate cases. Holland v. Florida, 560 U.S. 631, 645 (2010). Equitable tolling may be appropriate in circumstances where (1) the defendant has actively misled the plaintiff; (2) the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) the plaintiff has timely asserted his or her rights mistakenly in the wrong forum. Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (citing United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)). "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001). "Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where

prisoners have no constitutional right to counsel." Lawrence, 549 U.S. at 336–37.

   C.   Analysis

      1.   Calculation of the limitations period

The one-year habeas limitations period begins to run, pursuant to § 2244(d)(1), when direct review is final. The Supreme Court has determined that "for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires." Gonzalez, 565 U.S. at 137.

Here, Petitioner did not seek review in the New Jersey Supreme Court on direct appeal. On January 30, 2014, the Appellate Division dismissed Petitioner's appeal upon Petitioner's request to withdraw. (Respt's Brief, Exs. 7, 8, ECF Nos. 9-8, 9-9.) In New Jersey, a petitioner has twenty days after entry of a final judgment of the Appellate Division to file a notice of petition for certification with the Clerk of the New Jersey Supreme Court. N.J. R.A.R. 2:12-3(a). Thus, Petitioner's direct review became final on February 20, 2014. See Gonzalez, 565 U.S. at 654 ("[w]e thus agree with the Court of Appeals that because Gonzalez did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired"); see also Camacho v. Hobbs, 774 F.3d 931, 935 (8th Cir. 2015) ("The holding in *Gonzalez* extends to 'state prisoner[s] who

11

do[ ] not seek review in a State's highest court'; it does not exclude state prisoners who do not seek review because such review is prohibited by state law or by a plea agreement.")

The habeas limitations period is tolled, pursuant to § 2244(d)(2), upon a properly-filed application for post-conviction relief. A "properly-filed" application is one that was filed within the time limits prescribed by the relevant jurisdiction. Artuz, 531 U.S. at 8. The parties do not agree when Petitioner's PCR petition was filed. Respondent argues it was not filed until it was stamped "filed" on April 30, 2014. Petitioner contends it was filed on February 28, 2014, the day he signed his PCR petition and the date on his certificate of service. The Court notes the PCR petition was stamped "received" on March 14, 2014. (Respt's Brief, Ex. 9, ECF No. 9-10.)

Petitioner urges the Court to apply the prisoner mailbox rule. In Houston v. Lack, the Supreme Court held that because *pro se* prisoners can file notices of appeal only by delivering them to prison authorities for forwarding to the district court, such notices are to be considered filed at the moment of delivery to prison authorities for forwarding to the court clerk. 487 U.S. 266, 276 (1988).

In Burns v. Morton, the Third Circuit Court of Appeals applied the prisoner mailbox rule announced in Houston to habeas petitions and motions under 28 U.S.C. § 2255. 134 F.3d 109, 113 (3d Cir.

12

1998). However, state law determines when a PCR petition is properly-filed. Merrit v. Blaine, 326 F.3d 157, 162 (3d Cir. 2003). The New Jersey Supreme Court has not adopted the prisoner mailbox rule for PCR petitions. See Scott v. Nogan, No. CV 16-5294 (NLH), 2019 WL 1352845, at *2 and n.1 (D.N.J. Mar. 26, 2019) (citing Oliver v. Lee, No. L-6590-08, 2012 WL 1414081, at *3 (N.J. Super. Ct. App. Div. Apr. 25, 2012; State v. Culley, 595 A.2d 1098, 1099-1100 (N.J. Super. Ct. App. Div. 1991) (finding PCR Petition was not properly filed until stamped "received" by the court)).

The Court looks to New Jersey law to determine when a PCR petition is considered to have been filed. New Jersey Court Rule 1:5-6(b) provides, in relevant part:

> (b) What Constitutes Filing With the Court
>
> Except as otherwise provided by R. 1:6-4 (motion papers), R. 1:6-5 (briefs), R. 4:42-1(e) (orders and judgments), and R. 5:5-4 (motions in Family actions), a paper is filed with the trial court if the original is filed as follows
>
> . . .
>
> (2) In criminal actions in the Superior Court, Law Division, with the Criminal Division Manager in the county of venue, as designee of the deputy clerk of the Superior Court; ….

Here, the PCR petition was stamped "Received" on March 14, 2014. Thus, Petitioner's PCR petition was "filed" pursuant to N.J. R. 1:5-6(b)(2) when it was marked "Received" by the Superior Court,

13

Law Division, Criminal Division Manager in the county of venue on March 14, 2014. See State v. Spears, No. A-5208-13T2, 2015 WL 6181474, at *3 (N.J. Super. Ct. App. Div. Oct. 22, 2015) ("Rule 3:22-12(a)(1)'s five-year time limitation begins to run upon the filing of the JOC," and "[a] defendant should file his petition for PCR "with the county clerk where its date of receipt is routinely recorded.") (quoting State v. Culley, 250 N.J. Super. 558, 561 (App. Div. 1991)). The habeas limitations period was tolled on March 14, 2014, after 22 days expired. There were 343 days remaining in the one-year habeas limitations period.

The PCR court denied Petitioner's PCR petition on January 19, 2016. (Respt's Brief, Ex. 12, ECF No. 9-13.) Under New Jersey law, Petitioner had 45 days to appeal, N.J. Ct. R. 2:4-1(a)(2), causing his appeal to be due on Monday, March 7, 2016.[1] The statute of limitations began to run on March 8, 2016.

Petitioner filed a late notice of appeal on May 18, 2016, but because the Appellate Division granted Petitioner's motion to file his notice of appeal as within time, his PCR appeal was properly-filed. See Merritt v. Blaine, 326 F.3d 157, 162 (3d Cir. 2003)

---

[1] "Federal Rule of Civil Procedure 6(a) applies to the AEDPA statute of limitations." Wilson v. Beard, 426 F.3d 653, 663 (3d Cir. 2005). March 5, 2016 fell on a Saturday. Rule 6(a)(1) provides that when computing time of a period stated in days, exclude the day triggering the event and "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."

14

("to fall within the AEDPA tolling provision, the petition for state post-conviction review must have been both pending and 'properly filed'") (quoting Fahy v. Horn, 240 F.3d 239, 243 (3d Cir.), cert. denied, Horn v. Fahy, 534 U.S. 944 (2001)). Therefore, the late notice of appeal tolled the limitations period on May 18, 2016. Id., see also Thompson v. Adm'r New Jersey State Prison, 701 F. App'x 118, 124 (3d Cir. 2017) ("if a state court grants leave to pursue an out of time appeal, the proper period of exclusion for § 2244(d) purposes is 'all time between the filing of the request to excuse the default and the state court's decision on the merits (if it elects to excuse the default)'") (quoting Fernandez v. Sternes, 227 F.3d 977, 979 (7th Cir. 2000)). Thus, the limitations period ran for 72 days from March 8, 2016 to May 18, 2016, leaving 271 days remaining of the one-year period.

The PCR proceedings became final on May 21, 2018, when the New Jersey Supreme Court denied Petitioner's petition for certification. (Respt's Brief, Ex. 19, ECF No. 9-20.) Thus, Petitioner's limitations period began to run again on May 22, 2018 and expired 271 days later, which fell on Sunday, February 17, 2019. Federal Rule of Civil Procedure 6(a) applies to the AEDPA statute of limitations. See supra note 1. Thus, Petitioner's filing date was extended to Monday, February 18, 2019.

Petitioner submitted an unsigned habeas petition, received in this Court on February 19, 2019. (Pet., ECF No. 1.) The envelope

containing the petition was post-marked February 14, 2019. (ECF No. 1-4.) For the envelope to be post-marked February 14, 2019, Petitioner must have given the petition to prison authorities for mailing on or before that date. Under the prisoner mailbox rule, the habeas petition was timely filed on February 14, 2019. Burns, 134 F.3d at 113 ("habeas petition is deemed filed at the moment [the prisoner] delivers it to prison officials for mailing to the district court.") Therefore, the Court will deny Respondent's motion to dismiss.

III. CONCLUSION

For the reasons discussed above, Respondent's motion to dismiss will be denied because the habeas petition was timely filed. The Court will direct Respondent to file an answer to Petitioner's petition for writ of habeas corpus.

An appropriate order follows.

Dated: November 6, 2019

                                            s/Renée Marie Bumb
                                            **RENÉE MARIE BUMB**
                                            **United States District Judge**